**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KENNETH W. BRANCH,
Plaintiff-Appellant,

v.                                                              No. 94-2401

BUSCH ENTERTAINMENT CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Richard B. Kellam, Senior District Judge.
(CA-94-18)

Argued: September 28, 1995

Decided: January 30, 1996

Before WILKINSON, NIEMEYER, and HAMILTON, Circuit
Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert T. Hall, HALL, MARKLE, SICKELS &
FUDALA, P.C., Fairfax, Virginia, for Appellant. Michael Lowell
Heikes, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Nor-
folk, Virginia, for Appellee. **ON BRIEF:** Holly Parkhurst Lear,
HALL, MARKLE, SICKELS & FUDALA, P.C., Fairfax, Virginia;
John Ward Bane, Hampton, Virginia, for Appellant. Lisa A. Bertini,
Robert W. McFarland, MCGUIRE, WOODS, BATTLE & BOOTHE,

L.L.P., Norfolk, Virginia; Charles G. Meyer, III, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

During a visit to Busch Gardens amusement park in Williamsburg, Virginia in August 1989, Kenneth W. Branch slipped and fell as he stepped onto a wooden platform at the entrance to a ride. He injured his left knee. The platform was constructed of salt-treated timbers and was wet from rain. There is no dispute that the platform was in good repair and that it sloped away from Branch as he stepped onto it at a rate of 1/8 of an inch per foot. Branch stated that he had noticed "beads of water" on the platform before stepping onto it and that in his judgment, it was the "combination of [his] shoes on [the] wet deck" that caused his fall. He was wearing leather-soled sandals.

Busch Entertainment Corporation ("Busch"), the owner and opera-tor of Busch Gardens, had never before received complaints about the platform, even though more than 18 million persons had walked over it during the 11 years it had been in place. Moreover, no other visitors had trouble walking on the platform at the time Branch fell.

Branch sued Busch in state court, and Busch removed the case to the district court, relying on diversity jurisdiction. The district court submitted the case to the jury which returned a verdict in favor of Branch, awarding him $76,000 in damages. On Busch's motion for judgment notwithstanding the verdict, the district court vacated the judgment and entered judgment for Busch as a matter of law, con-cluding that Branch had failed to present any evidence of negligence. The court stated:

2

At this point, where is any negligence on the part of defendant? It was not an insurer. . . . There was no reason to warn plaintiff he might slip, for defendant had no reason to believe plaintiff or anyone was in danger of slipping. It was not on notice that anyone had, during the eleven years it had been in operation, slipped on the decking, although more than 18 million invitees had crossed over this deck. Without knowledge that one had slipped or was likely to slip, it had no knowledge of a slippery or dangerous condition. If it be suggested that common knowledge would alert defendant to the fact that timbers are slippery when wet, then plaintiff was privy to that common knowledge.

On appeal, Branch contends that the district court erred in vacating the jury's verdict because "there was sufficient evidence of the defendant's negligence to support the jury verdict against the defendant."

We have carefully reviewed the record and considered counsel's arguments, presented both in their briefs and during oral argument, and for the reasons given by the district court in its thorough and well-reasoned opinion, Branch v. Busch Entertainment Corp., Civil Action No. 49-18 (E.D.Va. Sept. 30, 1994), we affirm.

AFFIRMED

3